# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) MISC. NO. 24-7804 ) |
| GREATBANC TRUST COMPANY, | ) ) |
| Respondent. | ) ) ) |

### PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA

Petitioner, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Secretary") submits the following Memorandum of Law in support of her Petition to Enforce Administrative Subpoena issued to Respondent pursuant to section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1134.

### FACTUAL BACKGROUND

The Employee Benefits Security Administration of the United States Department of Labor ("EBSA" or "Department") has opened an investigation to determine whether any violations of Title I of ERISA have occurred or are about to occur with respect to the Vi-Jon Employee Stock Ownership Plan ("Vi-Jon ESOP"). The Vi-Jon ESOP is an employee pension benefit plan sponsored or maintained by Vi-Jon Holding, Inc., to provide retirement or deferred income to its employees based, in part, on the Vi-Jon ESOP's purchase of stock issued by Vi-Jon Holding, Inc. See Declaration of Marlene Benedict ¶ 3 ("Benedict Decl.").[1] EBSA discovered

---

[1] The Secretary incorporates by reference the Benedict Declaration and related exhibits, which are appended to this Memorandum.

1

that GreatBanc served as the trustee of the Vi-Jon ESOP. Id. ¶ 4. Pursuant to this investigation, EBSA sought documents and information pertaining to the administration or management of the Vi-Jon ESOP and GreatBanc's actions as trustee of the Vi-Jon ESOP. Id. ¶ 4, 7-8.

On July 19, 2023, Norman Jackson, Acting Regional Director for the Philadelphia Regional Office of EBSA, issued an administrative subpoena *duces tecum* directed to GreatBanc ("Subpoena"). Id. ¶ 7. The Subpoena contained thirteen document requests, along with detailed definitions and instructions. Id. ¶ 8. The Subpoena defined the relevant time period for its request from January 1, 2019, to the present. Id. The Subpoena required GreatBanc to produce its responsive documents by August 28, 2023. Id. GreatBanc accepted service of the Subpoena by email through its general counsel. Id. ¶¶ 8-9.

On August 28, 2023, GreatBanc produced some but not all of the documents requested in the Subpoena. Id. ¶ 10. On an October 6, 2023 phone call with the Secretary's counsel, GreatBanc's attorney indicated that it did not comply with the deadline for producing all documents responsive to the subpoena based on its purported need to coordinate document review with counsel for Vi-Jon Holding, Inc., ("Vi-Jon") under a common interest agreement or joint defense agreement between Vi-Jon (the Plan sponsor) and GreatBanc. Id. ¶ 11. Neither Vi-Jon nor GreatBanc produced the agreement. At that time, GreatBanc also indicated that Vi-Jon might direct GreatBanc to withhold production of GreatBanc's documents under the terms of the common interest agreement. Id. Exhibit E at 1.

On October 12, 2023, the Secretary's counsel sent GreatBanc's attorney a letter indicating that GreatBanc could not rely on the common interest agreement itself as a basis for establishing privileged communications or privileged documents. Id. The Secretary's counsel pointed out that the common interest doctrine does not create a privilege but rather allows

2

attorneys representing different clients with identical legal interests to share otherwise privileged information without a resultant waiver. Id. The Department indicated that GreatBanc had not given any other basis for invoking a privilege nor had it provided a privilege log, which the Subpoena required when invoking a privilege. Id. The Department also explained that if GreatBanc relied on the common interest agreement to invoke a privilege, it also needed to produce that agreement and identify the common legal interest, if any, between GreatBanc and Vi-Jon along with a list of all the recipients of the withheld documents and when they received those documents. Id. The Department gave GreatBanc a final deadline of November 6, 2023, to produce the remaining responsive documents. Id.

On November 8, 2023, GreatBanc produced some but not all of the outstanding documents requested in the Subpoena. See Benedict Decl. ¶ 13. Based on EBSA's review of GreatBanc's responses to the Subpoena, GreatBanc has failed to provide complete responses to Requests 11, 12, and 13 listed in the attachment to the Subpoena. Id. However, without a list of documents that GreatBanc has withheld, it has been impossible to determine the full extent of the deficiency in GreatBanc's production to date. Id.

In a letter sent the following day, GreatBanc's attorney confirmed that it identified several documents that contain information it believes may fall under the terms of the common interest agreement between GreatBanc and Vi-Jon. Id. ¶ 14. GreatBanc indicated it would not be producing any of those documents at that time. Id.

On January 11, 2024, the Secretary's counsel contacted GreatBanc's attorney by email and indicated that, while GreatBanc did produce documents on or about November 8, 2023, it was not clear to what extent GreatBanc withheld any documents under the common interest agreement and GreatBanc failed to produce the common interest agreement or a privilege log. Id.

3

Exhibit G at 3. The Department requested clarification of whether GreatBanc withheld any documents under the common interest agreement, and if so, when it intended on producing a related privilege log. Id.

On January 11, 2024, GreatBanc's attorney responded to the Department counsel's email, reasserting that GreatBanc had identified responsive documents that may fall under the common interest agreement. Id. at 2–3. GreatBanc's attorney also asserted that GreatBanc would provide Vi-Jon advance notice of any production of documents it believes may fall under the scope of the common interest agreement and give Vi-Jon the opportunity to either withhold or redact those documents. Id. GreatBanc indicated it would be willing to produce the documents but for the position Vi-Jon has taken that some or all of the documents under the common interest agreement are privileged. Id. GreatBanc's attorney asserted that unless the agreement was found to be ineffective, GreatBanc was unable to produce documents under the agreement. Id. GreatBanc further indicated it would identify any documents withheld or redacted on a privilege log to the Department and identify the basis for the privilege claims. Id. GreatBanc's attorney stated that those documents would be sent to Vi-Jon as soon as the following week. Id.

On March 13, 2024, the Secretary's counsel once again contacted GreatBanc's attorney by email, stating that in the two months since GreatBanc's January 11, 2024, response, the Department had not received any additional production nor a privilege log. Id. at 1–2. The Secretary's counsel gave a deadline for producing the remaining responsive documents of March 22, 2024, and indicated that ongoing refusal to comply with the Subpoena could result in the Department filing a petition to enforce the subpoena to ensure EBSA obtains the outstanding documents. Id.

4

On March 18, 2024, counsel for GreatBanc responded that it would not produce the remaining documents by March 22, 2024, and was unable to give an estimated date of when it would produce them. Id. at 1. In the five months since March 18, GreatBanc has not supplemented its November 8 production nor has it produced the joint defense agreement nor a privilege log with the documents it is withholding based on that agreement.

## ARGUMENT

**1. Applicable Law**

"When investigative . . . duties are delegated by statute to an administrative body," the agency "may take steps to inform itself as to whether there is a probable violation of the law." United States v. Morton Salt, 338 U.S. 632, 643 (1950). Under ERISA, Congress granted the Secretary broad authority to "determine whether any person has violated or is about to violate any provision of [ERISA] or any regulation or order thereunder." 29 U.S.C. § 1134(a). This authority explicitly includes the power "to require the submission of reports, books, and records, and the filing of data in support of any information required." Id.

The Secretary need not show that a law has been violated before seeking enforcement of a subpoena. Oklahoma Press Publ'g Co. v. Walling, 327 U.S. 186, 208-09 (1946). Neither is the Secretary required to tie the material she seeks to a particular theory of violation. F.T.C. v. Invention Submission Corp., 965 F.2d 1086, 1090 (D.C. Cir. 1992). Indeed, an agency may issue an administrative subpoena "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." Walsh v. Alight Sols. LLC, 44 F.4th 716, 722 (7th Cir. 2022) (quoting Chao v. Local 743, Int'l Bhd. of Teamsters, AFL-CIO, 467 F.3d 1014, 1017 (7th Cir. 2006)).

5

Proceedings to enforce administrative subpoenas are summary in nature, and the Court's role is narrowly limited. E.E.O.C. v. Aerotek, Inc., 815 F.3d 328, 333 (7th Cir. 2016). This is because "Congress has authorized the [agency], rather than the District Courts in the first instance, to determine the question of coverage in the preliminary investigation of possibly existing violations . . . ." Oklahoma Press, 327 U.S. at 214. Accordingly, the Federal Rules of Civil Procedure "do not apply to proceedings for enforcement of administrative subpoenas when otherwise provided by statute or by rules of the district court or by order of the court in the proceedings." E.E.O.C. v. Bay Shipbuilding Corp., 668 F.2d 304, 308 (7th Cir. 1981) (internal quotation marks and citation omitted); see Fed. R. Civ. P. 81(a)(5). Furthermore, "courts must be cautious in granting discovery rights [in enforcement actions], lest they transform subpoena enforcement proceedings into exhaustive inquisitions into the practices of the regulatory agencies." In re Off. of Inspector Gen., R.R. Ret. Bd., 933 F.2d 276, 278 (5th Cir. 1991) (internal quotation marks omitted) (quoting United States v. Aero Mayflower Transit Co., 831 F.2d 1142, 1147 (D.C. Cir. 1987)).

To obtain judicial enforcement of an administrative subpoena, "it is sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." Morton Salt, 338 U.S. at 652; Alight, 44 F.4th at 722. Once the Secretary has met her prima facie case for subpoena enforcement, the burden shifts to the respondent to demonstrate that disclosure "would impose an unreasonable or undue burden on the party from whom production is sought." Dow Chem. Co. v. Allen, 672 F.2d 1262, 1267 (7th Cir. 1982) (citations omitted). This burden "is not easily met where . . . the agency inquiry is pursuant to a lawful purpose and the requested documents are relevant to that purpose." Id. (quoting F.T.C. v. Texaco, Inc., 555 F.2d 862, 882 (D.C. Cir. 1977)). Where Congress has given

an agency a broad mandate, courts have been "loath to accord the agency anything less than 'extreme breadth' in conducting its investigation." Linde Thomas Langworthy Kohn & Van Dyke v. Resolution Tr. Corp., 5 F.3d 1508, 1517 (D.C. Cir. 1993) (citations omitted).

**2. The Secretary's Subpoena is Proper and Should be Enforced**

The Subpoena should be enforced because "the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." Alight, 44 F.4th at 722. First, the Subpoena falls within the Department's authority; namely, the Subpoena relates to an investigation of an employee stock ownership plan, which is subject to ERISA. See 29 U.S.C. §§ 1003(a)(1), 1101(a), 1107(d)(6); Armstrong v. LaSalle Bank Nat'l Ass'n, 446 F.3d 728, 730 (7th Cir. 2006). In passing section 504 of ERISA, Congress authorized the Secretary to "determine whether any person has violated or is about to violate any provision of [ERISA] or any regulation or order thereunder." 29 U.S.C. § 1134(a). The Supreme Court has acknowledged that Congress conferred "broad investigatory powers" to the Secretary under section 504 of ERISA. See Central States, Se. and Sw. Areas Pension Fund v. Central Transp., Inc., 472 U.S. 559, 578 (1985); see also Marshall v. Amalgamated Ins. Agency Servs., Inc., 523 F. Supp. 231, 234 (N.D. Ill. 1981). The investigation in question was initiated pursuant to this broad authority.

Second, the information sought is not too indefinite. "A subpoena can be too indefinite if its demands are overly vague or amorphous." Alight, 44 F.4th at 724. Objections of irrelevancy or undue burden do not amount to claims of indefiniteness. Id. Even so, GreatBanc has not made any objections, including any objections to requests as vague. In fact, in multiple communications to the Department across several months, GreatBanc never articulated any lack of understanding of the terms or scope of the Subpoena. Moreover, the requests for production in

the Subpoena refer to documents and records that are readily identifiable and within the possession, custody, or control of GreatBanc. Those documents disclosing the value of the Vi-Jon ESOP's assets, transactions involving the Vi-Jon ESOP, and other matters within the responsibilities of GreatBanc as a trustee with authority over the management of the Vi-Jon ESOP. See 29 U.S.C. § 1103(a); Barboza v. Cal. Ass'n of Prof. Firefighters, 799 F.3d 1257, 1265-66 (9th Cir. 2015). Thus, the Subpoena is not too indefinite to be enforced.

Third, GreatBanc has not stated any objections based on relevance, nor could it legitimately raise such an objection. The information sought under the Subpoena is relevant to the Secretary's authority under ERISA section 504(a), 29 U.S.C. § 1134(a). The Supreme Court broadly construes the term "relevance" in the context of administrative subpoena enforcement. In Endicott Johnson Corp. v. Perkins, the Supreme Court held that it was "the duty of the District Court to order . . . production" of information that "was not plainly incompetent or irrelevant to any lawful purpose of the Secretary." 317 U.S. 501, 509 (1943). "The proper scope of an ERISA investigation can be determined only by reference to the statute itself; the appropriate inquiry is whether the information sought might assist in determining whether any person is violating or has violated any provision of Title I of ERISA." Donovan v. Nat'l Bank of Alaska, 696 F.2d 678, 684 (9th Cir. 1983). In evaluating relevance, courts have found that a "wide range of investigation is necessary and appropriate where . . . multifaceted activities are involved, and the precise character of possible violations cannot be known in advance." Texaco, 555 F.2d at 877.

The Subpoena seeks information and documents within the Secretary's investigative authority because it directs GreatBanc to produce records that relate to an actual or potential violation of ERISA in connection with the administration or management of an employee pension benefit plan, the Vi-Jon ESOP. See 29 U.S.C. § 1003(a)(1); Alight, 44 F.4th at 723. As

8

trustee, GreatBanc is responsible for prudently holding the assets of the Vi-Jon ESOP. See 29 U.S.C. §§ 1103(a), 1104(a)(1)(B). It is also responsible for prudently investing the plan's assets, which may involve the purchase of Vi-Jon's stock. See 29 U.S.C. § 1107(d)(6). The documents and records EBSA seeks from GreatBanc have a direct bearing on those matters and are relevant for determining whether any person or entity has or is about to violate Title I of ERISA. Thus, the Subpoena is reasonably relevant to the Department's investigation of an employee pension benefit plan.

### 3. GreatBanc Cannot Carry Its Burden to Defeat Enforcement of the Subpoena

GreatBanc carries a "difficult burden of showing that the demands [of the Subpoena] are unduly burdensome or unreasonably broad." E.E.O.C. v. United Air Lines, Inc., 287 F.3d 643, 653 (7th Cir. 2002) (quoting FTC v. Shaffner, 626 F.2d 32, 38 (7th Cir. 1980)). To establish an undue burden, GreatBanc must show that "compliance would threaten the normal operation of [its] business." Id. (quoting Bay Shipbuilding Corp., 668 F.2d at 313). This showing requires sufficiently detailed estimates of the cost of compliance, the number of files involved, and the number of work hours required to comply. Alight, 44 F.4th at 726. In assessing the burden on GreatBanc, the court must "weigh the likely relevance of the requested material to the investigation against the burden to [GreatBanc] of producing the material." Id. at 724 (quoting United Air Lines, Inc., 287 F.3d at 654). GreatBanc has not supplied any information showing an undue burden under those exacting standards.

GreatBanc's reliance on a purported joint defense agreement with Vi-Jon also fails to provide a legitimate justification for its continued refusal to comply with the Subpoena. GreatBanc cannot rely on a joint defense agreement as a basis for withholding documents or asserting a privileged. As the Department has explained, the common interest doctrine does not

9

create a privilege. See United States v. BDO Seidman, LLP, 492 F.3d 806, 815 (7th Cir. 2007); Miller U.K. Ltd. v. Caterpillar, Inc., 17 F. Supp. 3d 711, 731 (N.D. Ill. 2014). Rather, it allows attorneys representing different clients with identical legal interests to share otherwise privileged information without a resultant waiver. See BDO Seidman, 492 F.3d at 815–16. Unless the party asserting the "common interest" establishes that the withheld communications or documents were otherwise privileged, the "common interest" exception does not apply. McCullough v. Fraternal Order of Police, 304 F.R.D. 232, 240 (N.D. Ill. 2014). Therefore, Vi-Jon's or GreatBanc's invocation of the common interest agreement alone as a basis for withholding documents, or portions of documents, is not sufficient to assert a privilege.

Additionally, the common interest exception to the waiver of a privilege only applies where the parties undertake a joint effort with respect to a "common legal interest." BDO Seidman, 492 F.3d at 815–16. Shared commercial or financial interests do not fall within the exception. See Miller U.K. Ltd., 17 F. Supp. 3d at 732–33. Nor is a shared rooting interest in the "successful outcome of a case" a common legal interest. Id. at 732. The interests must be identical, not similar. See Allendale Mut. Ins. Co. v. Bull Data Sys., Inc., 152 F.R.D. 132, 140 (N.D. Ill. 1993). Moreover, the common interest exception applies only to privileged communications shared among attorneys. See In re Local TV Advert. Antitrust Litig., 2023 WL 5956851, *16 (N.D. Ill. July 28, 2023). Sharing privileged communications among clients may destroy the privilege. Id.

Because GreatBanc has not disclosed any information necessary to establish a privilege or any other legitimate basis for withholding documents, it cannot justify its refusal to produce the remaining documents responsive to the Subpoena. The Secretary's counsel made several attempts in good faith over the last several months to resolve this issue with GreatBanc's

10

attorney before filing this petition with the Court. GreatBanc's continued refusal to produce all responsive documents identified in the Subpoena warrants the Court's issuing an order directing GreatBanc to produce immediately all reaming documents in its possession, custody, or control.

## CONCLUSION

The Secretary has made a *prima facie* showing that the Subpoena is within her statutory authority, sufficiently definite, and reasonably relevant to the Department's investigation of an employee pension benefit plan subject to the requirement under ERISA. GreatBanc cannot carry its heavy burden of showing that the Subpoena cannot be enforced. The Court should therefore order GreatBanc to produce all documentation responsive to all Requests of the Subpoena.

Dated: August 29, 2024                                          Respectfully Submitted:

                                                                                      SEEMA NANDA
                                                                                      Solicitor of Labor

WAYNE R. BERRY
Associate Solicitor for
Plan Benefits Security

GEOFFREY FORNEY
Trial Attorney

/s/Sarah M. Karchunas
SARAH M. KARCHUNAS
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, D.C. 20013

Attorneys for Petitioner, Julie A. Su
Acting Secretary of Labor